IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STAR JOSEPH,

      Plaintiff,

vs.                                                                                    No. CV 17-01107 WJ/LF

MTC CORPORATION (CORRECTIONS)
MTC OTERO COUNTY PRISON FACILITY,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B) on the Complaint for Violation of Civil Rights filed by Plaintiff Star Joseph. (Doc. 1). The Court determines that the Complaint fails to state a claim for relief under 42 U.S.C. § 1983 and will be dismissed without prejudice. The Court also grants Plaintiff Joseph leave to file an amended complaint.

### I. Factual and Procedural Background

Plaintiff Star Joseph is a prisoner incarcerated at the Otero County Prison Facility ("OCPF"). (Doc. 1 at 2). Plaintiff Joseph alleges deprivation of constitutional "rights to be protected, the right to be free from harm and the right to not be put in harms way." (Doc. 1 at 3). Although Plaintiff does not cite to any constitutional provision, the Court construes his Complaint as alleging violation of 8th Amendment rights to be free from cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 832-834 (1994).

As factual support for his claims, Joseph alleges:

"On August 24th, 2017 at approx. 10:45 pm I was physically attacked by 10-15 inmates in South Charley Pod . . . At no time during or after the

1

> physical assault did any members of MTC Otero County Prison Facility
> Staff or Correctional Officers on duty enter South Charley Pod to
> intervein or stop the assult. The physical assault took place directly
> across from the glass windowed master control guard booth and the
> entire incident was filmed on camera. During the last count at 11:00 pm
> one of the correctional officers notice that I was seriously injured and in
> need of immediate medical attention."

(Doc. 1 at 6). Plaintiff Joseph contends prison staff was deliberately indifferent and failed to render aid because he is African-American and was being assaulted by Caucasian and Hispanic inmates. (Doc. 1 at 4). Joseph claims that, as a result of the attack, he sustained head trauma, extensive bruising, broken bones in the mid-lower back, and post-traumatic stress. (Doc. 1 at 5). Joseph seeks $700,000 in compensatory and punitive damages for past and future medical expenses, pain and suffering, and loss of earning capacity. (Doc. 1 at 5, ¶ VI).

## II. Standard for Failure to State a Claim

Plaintiff Joseph is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed.R.Civ.P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Under Fed.R.Civ.P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Twombly*, 550 U.S. at 555; *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365

(10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim upon which relief may be granted. § 1915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

The Court liberally construes the factual allegations in reviewing a pro se complaint. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,*

907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

### III. Analysis of Plaintiff's Claims

Plaintiff brings constitutional claims under 42 U.S.C. § 1983. Section 1983 provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . .subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by identified government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

Generalized allegations against "defendants" or "staff", without providing the names of the actors and identifying the individual conduct that caused deprivation of a constitutional right, do not state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that government officials, through the official's own individual actions, violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. at 676.

Although Joseph's Complaint makes generalized references to "prison facility staff" and "correctional officers," the Complaint does not actually name any individual official or specify any individual conduct that Joseph claims resulted in the alleged constitutional deprivation. *See* Doc. 1 at 6. In the absence of any allegation of personal involvement by some identified official in a violation of constitutional rights, the Complaint is insufficient to state any § 1983 claim for relief. *Fogarty v. Gallegos,* 523 F.3d at 1162; *Twombly,* 550 U.S. at 570.

Joseph does name "MTC Otero County Prison Facility" as a Defendant in this action. (Doc. 1 at 2). However, only a "person" acting under color of state law may be held liable under § 1983. Correctional facilities are not "persons" for purposes of § 1983. *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000); *Buchanan v. Okla.*, 398 F. App'x 339, 342 (10th Cir. 2010) (unpublished). All claims against MTC Otero County Prison Facility are dismissed for failure to state a claim for relief. Fed. R. Civ. P. 12(b)(6).

Plaintiff also names "MTC Corporation" as a Defendant. (Doc. 1 at 2). "[C]orporate defendants cannot be held vicariously liable for the acts of their servants under section 1983." *Dickerson v. Leavitt Rentals,* 995 F.Supp. 1242, 1247 (D. Kansas 1998), *aff'd,* 153 F.3d 726 (10th Cir.1998), *cert. denied,* 525 U.S. 1110 (1999); *see also, DeVargas v. Mason & Hanger-*

*Silas Mason Co., Inc.,* 844 F.2d 714, 722 (10th Cir.1988), *cert. denied,* 498 U.S. 1074 (1991). A corporation is not liable for constitutional violations by its employees unless the constitutional tort was caused by a policy or custom of the corporation. *See Austin v. Paramount Parks, Inc.,* 195 F.3d 715, 728 (4th Cir.1999) (a private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights); *Sanders v. Sears, Roebuck & Co.,* 984 F.2d 972, 975-76 (8th Cir.1993) (a corporation can only incur liability under Section 1983 based on its own unconstitutional policies). Because Plaintiff has failed to identify any custom or policy of MTC Corporation which caused the alleged unconstitutional conditions of confinement, claims against Defendant MTC Corporation will also be dismissed.

### IV. Supplemental Jurisdiction Over State Law Claims

Joseph's Complaint alleges "gross negligence" on the part of prison officials. (Doc. 1 at 4). Within the supplemental jurisdiction granted by 28 U.S.C. § 1367, a federal court has subject-matter jurisdiction over certain state-law claims, such as gross negligence. A district court has the discretion to decide whether to exercise supplemental jurisdiction after dismissing all claims over which it has original jurisdiction. *See* § 1367(c). Under § 1367(c), the district courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims within its original jurisdiction. *Osborn v. Haley,* 549 U.S. 225, 245 (2007); *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006).

The U.S. Supreme Court has stated that needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. *United Mine Workers of Amer. v. Gibbs,* 383 U.S. 715, 726 (1966). When all federal claims have been dismissed, a district court may, and usually

should, decline to exercise jurisdiction over any remaining state claims. *Koch v. City of Del City,* 660 F.3d 1228, 1248 (10th Cir.2011); *Smith v. City of Enid ex rel. Enid City Comm'n,* 149 F.3d 1151, 1156 (10th Cir.1998); *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1185 (D.N.M. 2014). The Court is dismissing all of Plaintiff's federal claims. The Court declines to exercise supplemental jurisdiction and dismisses Plaintiff's state law claims under § 1367(c).

## V. Leave to Amend

The Complaint is factually insufficient and fails to state any claim for § 1983 relief. *Twombly,* 550 U.S. at 570. The Court will dismiss the Complaint and will grant Joseph the opportunity to file an amended complaint specifying individuals, the individualized actions at OCPF, and how Joseph claims those actions resulted in violation of constitutional rights. *Hall v. Bellmon,* 935 F.2d at 1110, nt. 3 (pro se litigants are to be given reasonable opportunity to remedy defects in their pleadings). The amended complaint must state the facts of each separate claim and why Plaintiff believes Plaintiff's constitutional rights were violated. Joseph should include names of individual defendants and their official positions, a description of their actions, and relevant dates, if available.[1] *Robbins v. Oklahoma,* 519 F.3d at 1249-50.

The Court also grants Plaintiff Joseph leave to reassert any state law claims if he amends his Complaint to allege proper federal claims for relief. Any amended complaint must be filed with the Court within 30 days of entry of this Memorandum Opinion and Order. If Joseph fails to file an amended complaint within 30 days, the Court may enter judgment on this dismissal without further notice.

## VI. Pending Motions

---

[1] The dates included in Plaintiff's current Complaint raise potential statute of limitations questions. However, the Court declines to reach those issues at this time.

Pending before the Court is Plaintiff Joseph's request for appointment of counsel (Doc. 5). There is no right to appointment of counsel in a habeas corpus case under 28 U.S.C. § 2254 by a person in state custody. Instead, the decision whether to request assistance of counsel rests in the sound discretion of the Court. *Beaudry v. Corrections Corp. of America,* 331 F.3d 1164, 1169 (10th Cir.2003); *MacCuish v. United States,* 844 F.2d 733, 735 (10th Cir.1988). In determining whether to appoint counsel, the district court should consider the merits of the litigant's claims, the nature and complexity of the factual and legal issues, and the litigant's ability to investigate the facts and to present his claims. *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir.2004). The Court has reviewed the petition and subsequent filings in light of the foregoing factors. Petitioner appears to understand the issues in the case and to be representing himself in an intelligent and capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). Accordingly, the Court will deny the request for appointment of counsel.

Also pending is Plaintiff's Motion to Review Status of Actions and Proceedings. (Doc. 12). The Court will deny the Motion as moot in light of the dismissal of Plaintiff's claims in this Memorandum Opinion and Order.

**IT IS ORDERED:**

(1) the request for appointment of counsel filed by Plaintiff Star Joseph (Doc. 5) and Motion to Review Status of Actions and Proceedings (Doc. 12) are **DENIED**;

(2) the Complaint for Violation of Civil Rights filed by Plaintiff Star Joseph (Doc. 1) is **DISMISSED** without prejudice under Fed. R. Civ. P. 12(b)(6), 28 U.S.C. § 1915(e)(2)(B), and 28 U.S.C. § 1367; and

(3) Plaintiff Joseph is granted leave to file an amended complaint consistent with this opinion within 30 days of entry of the Memorandum Opinion and Order.

_____
CHIEF UNITED STATES DISTRICT JUDGE