IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STAR JOSEPH,

      Plaintiff,

vs.                                                   No. CV 17-01107 WJ/LF

MTC CORPORATION (CORRECTIONS)
MTC OTERO COUNTY PRISON FACILITY,

      Defendants.
\

## MEMORANDUM OPINION AND FINAL ORDER OF DISMISSAL

THIS MATTER is before the Court on the Motion to Amend 42 U.S.C. 1983 and Motion for Appointment of Counsel filed by Plaintiff Star Joseph (Doc. 14). The Court denies the Motion and (1) dismisses this case for failure of Plaintiff Joseph to comply with a Court order, (2) dismisses all federal claims with prejudice for failure of the Complaint to state a federal claim for relief, and (3) declines to exercise supplemental jurisdiction and dismisses all state-law claims without prejudice.

Plaintiff Star Joseph filed his Complaint for Violation of Civil Rights on November 6, 2017. (Doc. 1). On June 21, 2018, the Court entered its Memorandum Opinion and Order. (Doc. 13). The Memorandum Opinion and Order: (1) dismissed Plaintiff's claims under 42 U.S.C. § 1983 for failure to state a claim on which relief can be granted; (2) declined to exercise supplemental jurisdiction over Plaintiff's state law negligence claims; and (3) granted Plaintiff leave to file an amended complaint within 30 days after entry of the Memorandum Opinion and Order. (Doc. 13). Plaintiff did not file an amended complaint as ordered by the Court but, instead,

filed the Motion to Amend 42 U.S.C. 1983 and Motion for Appointment of Counsel. (Doc. 14) ("Motion to Amend").

The Motion to Amend filed by Plaintiff Joseph asks this Court to conduct an investigation on Plaintiff's behalf and to appoint counsel to allow him to properly formulate negligence claims against Defendants. (Doc. 14 at 2-7). The Motion to Amend makes clear that the claims Joseph seeks to pursue are state law negligence claims, not federal civil rights claims. The Motion to Amend states:

> "This Plaintiff truly believes that MTC Corporation is liable for all Pain and Duress that this plaintiff indured and suffered behind the incident on August 24th 2017, all behind *negligence* of O.C.P.F. staff . . .
>
> the acts of *negligence* by the O.C.P.F. officers on August 24th 2017 at O.C.P.F. . . .
>
> this 'Liability Claim' against, certain staff members of MTC Corporation (O.C.P.F.) who was deemed 'directly responsible', and 'certainly liable' by this plaintiff, either directly and indirectly toward acts of *negligence* toward this plaintiff (Star Joseph) safety on August 24th 2017. . .
>
> In order for this plaintiff to properly identify those responsible for the *negligence* involving acts toward this plaintiffs safety, and to investigate the circumstances leading up to the claims of *negligence* surrounding this plaintiff's injuries . . .
>
> the names of those liable for being *negligent*. . . .
>
> the actions of MTC Corporation's staff and the *negligence* of the staffs actions on August 24, 2017 . . ."

(Doc. 14 at 3-5) (emphasis added).

The Court's Memorandum Opinion and Order directed Plaintiff Joseph to file an amended complaint alleging proper federal claims for relief within thirty days if he wished to pursue federal civil rights claims in this Court. (Doc. 13 at 7). Plaintiff Joseph did not file an amended complaint as ordered by the Court. The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure

to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003); *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007). As its first ground for dismissal, the Court will dismiss this case under Fed. R. Civ. P. 41(b) for failure to comply with the Court's Memorandum Opinion and Order.

Even if the Court were to construe the Motion to Amend as an amended complaint, it still does not state a § 1983 claim for relief. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006). The Motion to Amend does not factually identify any conduct by prison officials that allegedly violated a constitutional right. Instead, Plaintiff Joseph repeatedly emphasizes that he seeks to hold Defendants liable for negligent conduct. (Doc. 14 at 3-5). As its second ground for dismissal, the Court will dismiss all federal claims, with prejudice for failure to state a § 1983 claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009).

Last, in both his original Complaint and in the Motion to Amend, Plaintiff Joseph clearly expresses an intent to hold Defendants liable for acts of negligence. (Doc. 1 at 4; Doc. 14 at 3-5). Negligence is a tort cause of action that arises under New Mexico state law. *See* U.J.I. 13-601, 13-603, 13-604 NMRA. As the Court has already advised Plaintiff, this Court's subject-matter jurisdiction over state-law claims exists only within the Court's supplemental jurisdiction granted by 28 U.S.C. § 1367. The Court has discretion to decide whether to exercise supplemental

jurisdiction after dismissing all claims over which it has original jurisdiction. *See* § 1367(c). *See, also, Osborn v. Haley,* 549 U.S. 225, 245 (2007); *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006).

The Supreme Court has admonished the lower federal courts that needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. *United Mine Workers of Amer. v. Gibbs,* 383 U.S. 715, 726 (1966). When all federal claims have been dismissed the Court usually should decline to exercise jurisdiction over any remaining state claims. *Koch v. City of Del City,* 660 F.3d 1228, 1248 (10th Cir.2011); *Smith v. City of Enid ex rel. Enid City Comm'n,* 149 F.3d 1151, 1156 (10th Cir.1998); *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1185 (D.N.M. 2014). The Court has dismissed all of Plaintiff's claims within the Court's original jurisdiction. The Court has also declined, and continues to decline, to exercise supplemental jurisdiction. As its third basis for dismissal, the Court also dismisses Plaintiff's state-law claims under § 1367(c), without prejudice to filing by Plaintiff of a state-law negligence action in New Mexico state court.

**IT IS ORDERED:**

(1) Plaintiff's Motion to Amend 42 U.S.C. 1983 and Motion for Appointment of Counsel is **DENIED**;

(2) all federal claims in Plaintiff's Complaint (Doc. 1) or in any amended complaint are **DISMISSED** with prejudice; and

(3) the Court declines to exercise jurisdiction over any state-law claims, and all state claim claims in Plaintiff's Complaint (Doc. 1) or in any amended complaint are **DISMISSED** without prejudice to filing of a state-law action in New Mexico state court.

_____
CHIEF UNITED STATES DISTRICT JUDGE